UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILKI TURI GEZALI,<br><br>                                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the<br>Department of Homeland Security, et al.,<br><br>                                    Respondents. | Case No.:  26-CV-1632 JLS (BLM)<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 7) |

Presently before the Court is Milki Turi Gezali's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 7).  Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 9).  For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition for a Writ of Habeas Corpus.

### BACKGROUND

Petitioner, a citizen of Ethiopia, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Center since January 8, 2025, when he entered the United States. Pet. at 2.  Petitioner received a credible fear interview, which he passed, and then applied for asylum. *Id.*  On November 7, 2025,

Petitioner's asylum application was denied, which Petitioner appealed to the Board of Immigration Appeals ("BIA"). *Id.* at 3. The appeal is ongoing. *Id.* Respondents concede that the Court "should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." Ret. at 2.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts

26-CV-1632 JLS (BLM)

evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, nearly fifteen months, without a bond hearing weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he "has reason to anticipate significant future detention" since he has yet to hear back on his BIA appeal, subject to an additional appeal process to the Ninth Circuit that could go on for another undetermined amount of time. Pet. at 8–9. The Court agrees, since Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Respondents do not oppose the Petition. Ret. at 2. Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Balancing the discussed factors, the

26-CV-1632 JLS (BLM)

Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART**[1] Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 7), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.

The Parties **SHALL** file a Joint Status Report by <u>April 23, 2026</u>, informing the Court of the outcome of the hearing. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: April 3, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court declines to address the issues raised by Petitioner regarding the neutrality of immigration courts generally.

26-CV-1632 JLS (BLM)