UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MILKI TURI GEZALI,
Petitioner,
v.
JEREMY CASEY, et al.,
Respondents.

Case No.: 26-CV-1632 JLS (BLM)

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

(ECF No. 16)

Presently before the Court is Petitioner Milki Turi Gezali's Motion to Enforce Judgment ("Mot.," ECF No. 16). Also before the Court is Respondent's Response in Opposition ("Opp'n," ECF No. 18) and Petitioner's Reply (ECF No. 22). For the reasons set forth below, the Court **DENIES** the Motion.

**BACKGROUND**

Petitioner, a citizen of Ethiopia, alleges he has been detained since January 8, 2025, when he entered the United States. Mot. at 4. In July 2025, Petitioner applied for asylum and his application was denied. *Id.* Petitioner appealed the denial to the Board of Immigration Appeals (BIA) where it remains pending. *Id.*

On March 13, 2026, Petitioner filed an amended habeas petition seeking an individualized bond hearing. ECF No. 7. The Court granted that petition in part and

ordered a bond hearing. ECF No. 10 ("Order"). The Immigration Judge ("IJ") held a bond hearing on April 9, 2026. *See generally* ECF 20-1 ("Transcript"). There, the IJ denied Petitioner's bond, finding that he posed a risk of flight. ECF No. 16-2 at 2. The IJ determined this based on the findings that Petitioner entered the country illegally, has no job history in the United States, and the only fixed address available to him is his proposed sponsor, a friend, who he grew up with in Ethiopia. Transcript at 12. The IJ found the Petitioner's likelihood of success on appeal was speculative. *Id.* Finally, the IJ did not find the sponsor credible because he had not seen Petitioner since 2019 and did not present evidence of a close relationship. *Id.* Further, the sponsor's address was inconsistent between the sponsor's statements, tax returns, and bills. *Id.*

Petitioner filed a notice of appeal to the BIA but his motion to file an untimely brief was rejected since the attorney address did not match the system. ECF No. 18-3.

Petitioner filed the present Motion on September 14, 2026. In it, he alleges that the IJ continued Petitioner's detention based on "speculation, detention-created circumstances, unsupported doubts about an unrebutted sponsor plan," and doubts about Petitioner's merits case. *See generally* Mot. The government opposes. *See generally* Opp'n.

**DISCUSSION**

The Court's Order instructed the IJ to hold the government to the clear and convincing standard of proof with respect to Petitioner's danger to the community and risk of flight. Order at 4. Irrespective of the prudential exhaustion doctrine, district Courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011); *Diallo v. Casey*, No. 26-CV-2167 RSH (BLM), 2026 WL 1834391, at *2 (S.D. Cal. June 25, 2026). "The party challenging compliance with the bond order bears the burden of proof, and ambiguities are resolved in favor of the non-moving party." *Bayani v. LaRose*, No. 26-cv-0266-JES-VET, 2026 WL 1270059, at *3 (S. D. Cal. May 8, 2026).

"When questions require a close review of agency-found facts," like an administrative judge's finding of dangerousness or flight risk in a bond hearing, "we review

for an abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024); *see also Y.S.G. v. Andrews*, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *8 (E.D. Cal. Oct. 22, 2025) (applying abuse of discretion standard to review compliance with an order for bond hearing on habeas). Mere disagreement with an IJ's bond decision is outside the scope of judicial habeas review. *See Rodriguez-Diaz v. Garland*, 53 F.4th 1189,1212–13 (9th Cir. 2022). "Under an abuse of discretion standard, we cannot reweigh evidence but can only determine whether the BIA applied the correct legal standard." *Martinez*, 124 F.4th at 785 (cleaned up). "Thus, 'the Court must decide whether the IJ relied upon proof that—as a matter of law—could not establish' the conclusion drawn." *Perez Velasquez v. Bondi*, No. 26-CV-1759-GPC-DDL, 2026 WL 1042479, at *5 (S.D. Cal. Apr. 16, 2026) (quoting *Martinez*, 124 F.4th at 783) (cleaned up).

If a noncitizen poses a risk of flight, that means the individual is "likely to abscond." *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). In other words, to demonstrate flight risk under the clear and convincing evidence standard, the government must show that it is "highly probable" that Petitioner will fail to appear at future proceedings. *Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015) (en banc); *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (under the standard, evidence must "instantly tilt the evidentiary scales in the affirmative when weighted against the evidence . . . offered in opposition").

In *Matter of Guerra*, the BIA held that IJs may consider any evidence in the record when assessing bond eligibility, so long as the evidence is "probative and specific." 23 I&N Dec. 37 (BIA 2006). In making that determination, the IJ considers factors such as the individual's (1) existence of a fixed address in the United States upon release; (2) length of residence in the country; (3) family ties in the United States and potential for permanent residence in the country; (4) employment history; (5) record of appearance in court; (6) criminal record; (7) history of immigration violations; (8) any attempts to flee prosecution or otherwise escape from the authorities; and (9) manner of entry to the country. *Id.* at 40 (discussing factors relevant to an IJ's flight risk inquiry of a detainee); *see also Singh v. Holder*, 638 F.3d 1196, 1206 n.5 (9th Cir. 2011) ("*Guerra* discusses nine factors that,

'Immigration Judges may look to . . . in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate.'"), *abrogated on other grounds as recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).

However, factors "common to all detainees" are of little value when determining flight risk without a more individualized and specific inquiry. *See Singh*, 638 F.3d at 1205; *Sakwe v. Mullin*, No. 26-cv-02159-BAS-MMP, 2026 WL 2568438, at *4 (S.D. Cal. Aug. 14, 2026). And "absent individualized evidence regarding the particular circumstances surrounding Petitioner's entry or other evidence of past noncompliance, [entry without inspection] is insufficient to support a reasonable inference of Petitioner's tendency toward future noncompliance." *Tiboko-Tifuh v. Noem*, No. 26-cv-1215-JO-DEB, 2026 WL 1603795, at *2 (S.D. Cal. June 4, 2026); *Villa v. Mullin*, 834 F. Supp. 3d 957, 962 (C.D. Cal. 2026).

The Court finds that the IJ followed the Court's previous Order. The IJ specified the burden of proof at the outset of the hearing, established the government held the burden, considered all the evidence submitted, and concluded that Petitioner was a flight risk. *See Nagiyev v. Warden*, No. 25-CV-3744 JLS (MMP), 2026 WL 945965, at *3 (S.D. Cal. Apr. 7, 2026). To enforce an order, this Court does not reweigh evidence or consider the IJ's final ruling. The analysis is limited to whether the requirements of the order were followed.

Although the IJ considered evidence "common to all detainees," he did not solely rely upon it in the final determination. Evidence of a legitimate sponsorship relates directly to "fixed address" and "community ties." *Matter of Dobrotvorskii*, 29 I&N Dec. 211, 213–214 (BIA 2025). An IJ may consider a sponsor's ability to support the noncitizen and ensure their appearance at future immigration hearings. *Matter of R-A-V-P*, 27 I&N Dec. 803, 806 (BIA 2020). Petitioner does not prove that the IJ failed to comply with this Court's previous Order.

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Petitioner's Motion to Enforce Judgment (ECF No. 16). As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Hon. Janis L. Sammartino
United States District Judge